Marcus G. Christ, J.
This is an article 78 (Civ. Prac. Act) proceeding brought for the purpose of reviewing a determination of the Zoning Board of Appeals of the Town of Huntington. *138 The determination sought to he reviewed was the denial of petitioner’s appeal to the Zoning Board of Appeals from a decision of the Building Inspector which had earlier denied petitioner’s application for a building permit.
The respondents, consisting of the members of the Zoning Board of Appeals and the Building Inspector, move pursuant to section 1293 of the Civil Practice Act to dismiss the petition upon the ground that it appears on the face thereof that it does not state facts sufficient' to constitute grounds for the relief sought therein.
A motion to dismiss the petition pursuant to section 1293 of the Civil Practice Act is equivalent to a “ demurrer ” or under present day practice, a motion to dismiss for legal insufficiency under subdivision 4 of rule 106 of the Buies of Civil Practice. On such a motion the facts alleged in the petition are deemed admitted and if found insufficient to show any right to relief, the petition will be dismissed (Petri v. Ruehl, 22 N. Y. S. 2d 549; Matter of Schwab v. McElligott, 282 N. Y. 182; Rheims Val. Wine Co. v. Bruckman, 258 App. Div. 203; Fahey v. Wright, 256 App. Div. 474; see, also, Tripp, A Guide to Motion Practice [rev. ed.], p. 450).
Without analyzing in detail the allegations of the petition, the court finds the following facts alleged by the petitioner which are deemed true for purposes of this motion.
The petitioner owns six lots at the northwest corner of Turkey Lane and Norcross Court (also known as Chestnut Street) in the Cold Spring Harbor area of the Town of Huntington. Petitioner also owns approximately 30 acres of land adjacent to the last-mentioned lots. Both tracts of land are affected by the zoning ordinances which have been adopted by the Town of Huntington. In December, 1934 petitioner’s lands were classified by the Building Zone Ordinance so that the minimum area for each single detached dwelling was 5,000 square feet. By an amendment in 1952 and two amendments in 1954, the zoning of petitioner’s lands was upgraded successively to a minimum area of 7,500 square feet, 10,000 square feet, and finally of one acre or 43,560 square feet. Under the amendment prescribing one-acre zoning, the petitioner’s lands were classified as being in a Besidence B zone.
The petitioner brought an action for a declaratory judgment against the Town of Huntington to invalidate the one-acre zoning of petitioner’s lands. After a trial on November 14, 15 and 16, 1955, the Official Beferee, to whom the action had been referred to hear and determine, rendered an opinion dated December 5, 1955 in which he found that the rezoning of peti *139 tioner’s lands so as to require a minimum area of one acre ‘ ‘ was unreasonable, discriminatory and arbitrary, and was an illegal and invalid exercise of the powers delegated to the town board by the town law, was unconstitutional, and constitutes irreparable damage to [sac] the invasion of the property rights ” of the petitioner. The Official Referee also found that ‘ ‘ the provision of the ordinance forbidding the erection of any dwelling * * * on plots of less than one acre does not bear any substantial relation to the public health, safety, morals or general welfare of the community ’ ’ and further found that “ [no] economic use can be made of the subject property if restricted to one-acre lots by reason of the lack of any adequate return on the investment required for such development. ’ ’ The Official Referee also found that the Building Zone Ordinance, as amended, and the amended building zone map were invalid with respect to petitioner’s lands “ in that each fails to describe a district having a fixed area and defined boundaries.”
On December 14, 1955 a judgment was entered upon the Official Referee’s decision adjudging (1) the invalidity of the amendment of May, 1954 to the Building Zone Ordinance insofar as it reclassified petitioner’s lands; (2) that such amendment insofar as it affected petitioner’s lands was not a comprehensive plan designed for the purposes set forth in the Town Law; (3) that the town was restrained from any attempt to enforce the Building Zone Ordinance as amended in May, 1954 insofar as it reclassified petitioner’s lands as .being in a Residence B district; and (4) that the May, 1954 amendment was invalid for the reason that it failed to prescribe a district having a fixed area and defined boundaries as required by the Town Law.
Although no change in the nature, development and status of petitioner’s lands had occurred since the amendment of the Building Zone Ordinance in May, 1954, the Town Board, on December 20, 1955, again sought to impose one-acre zoning on petitioner’s lands by an amendment which classified such property as Residence B and prescribed a minimum area of one acre.
On October 27, 1957 the petitioner applied to the Building Inspector for a building permit to construct a single-family detached dwelling on a lot containing 12,017.7 square feet. The application was denied by the Building Inspector on November 8, 1957 upon the ground that petitioner’s property was zoned “ Residence B — One Acre Residential.” On December 5, 1957 petitioner appealed to the Zoning Board of Appeals from the decision of the Building Inspector. After a hearing on such an appeal on December 27,1957 the Zoning Board of Appeals ren *140 dered a decision dated March 14, 1958 which neither granted nor denied said appeal, but rather suggested that the petitioner request a variance from the Residence B district requirements to enable the petitioner to build more than one home on the parcel described in petitioner’s application and on its adjoining property.
Subsequently, an article 78 proceeding was begun to review that decision of the Zoning Board of Appeals. It came on to be heard before this court on June 5,1958. At that time counsel for both sides agreed that the decision of the Zoning Board of Appeals was not a final determination of petitioner’s appeal. Pursuant to a stipulation an order was entered August 1, 1958 directing the Zoning Board of Appeals to render and file a decision on petitioner’s appeal either denying or granting such appeal as presented to such board. By an amended decision dated August 15, 1958 the Zoning Board of Appeals denied petitioner’s appeal.
The present article 78 proceeding results from the last-mentioned determination of the Zoning Board of Appeals.
Upon the facts as alleged in the petition, and which must be taken as true on this motion, it appears that the amendment to the ordinance enacted December 20, 1955 did two things: (a) it classified petitioner’s lands in a Residence B district thereby restricting building lots to those containing a minimum area of one acre; and (b) defined the geographical limits of the area whose zoning was changed. Insofar as the December, 1955 amendment placed petitioner’s lands in a Residence B district and imposed the one-acre area restriction, this amendment was a re-enactment of the same zoning which the court had passed upon in the plenary suit involving the May, 1954 amendment and had found invalid. To the extent that the December, 1955 amendment defined the area affected by the zoning change, it corrected the defect which the court had found was present in the May, 1954 amendment. Except for curing the defective description of the affected area, the December, 1955 amendment is identical in substantive impact on petitioner’s lands with the May, 1954 amendment which had been declared invalid by a judgment entered December 14,1955, six days prior to the enactment of this latest amendment. The December, 1955 amendment was enacted despite the court’s adjudication that its 1954 counterpart was invalid and despite the injunctive provisions of the judgment which forbade by the defendants “ any attempt to enforce the Building Zone Ordinance of the defendant Town as last amended insofar as it reclassifies the real property of the plaintiff described in the complaint as in a Residence B *141 district.” It is true, that, literally, the judgment of December, 14, 1955 was directed at the May, 1954 amendment and it therefore might be argued that the enactment of a new amendment was not in violation of the letter of the injunctive provisions of the judgment. But the issue before this court is not whether what was done six days after that judgment could be found to constitute a basis for citing the Town Board for contempt. The issue is whether the town may, after its ordinance has been judicially declared invalid as td petitioner’s lands, deprive the petitioner of the benefits of such declaratory judgment by enacting, within less than one week, a new ordinance identical in substantive content with its invalid predecessor.
Zoning is not static. Classifications and restrictions which at the time of enactment were constitutionally valid in their application to particular parcels of land may and have become constitutionally invalid because of changes in conditions and circumstances. Here, the situation is reversed. An ordinance has been judicially declared to be constitutionally invalid as to petitioner’s property. May the legislative body circumvent this adjudication by the simple expedient of re-enacting the same ordinance? In the court’s opinion it may not. The principle of res judicata is applicable to the facts of this case. This is not to say that a determination of invalidity by way of declaratory judgment is res judicata for all time. It is certainly conceivable that changed conditions and circumstances occurring subsequent to the declaratory judgment would make it possible to rezone the affected property to its former status. That is not the case on the facts presented in this proceeding because admittedly there had been no change in conditions or circumstances.
The court has not been cited, nor has its own research disclosed, a case in New York whose factual pattern closely parallels that of the present proceeding. However, the court has found that a similar situation was presented to the Supreme Court of New Jersey in Phillips v. Township Council of Teaneck (125 N. J. L. 77 [1940]). In that case property owners attacked an ordinance of the defendant township claiming that insofar as it affected their property it was unreasonable, capricious and arbitrary. A previous ordinance of like import had been set aside by the Supreme Court of New Jersey and its determination affirmed by the Court of Errors and Appeals. Both ordinances were amendments to the zoning ordinance, the earlier one having dealt only with a district in which, these property owners had property, while the subsequent amendment not only made the same change in that locality but made other changes *142 in other parts of the township. The changes which affected the complaining property owners was an attempt to place their property in a Class C Residence Zone, whereas it had been in a business zone. It was admitted that there had been no changes in the physical situation of the complaining property owners since the determination of the earlier case. The court held that the earlier judgment which determined that the zoning amendment placing the property in a Class C Residence Zone was unreasonable, was res judicata on the question of the reasonableness of the subsequently enacted amendment. The court stated (p. 78): “In this situation, we are of the opinion that the prior determination is controlling here. That litigation is res adjudicata on the question of the reasonableness of zoning prosecutors’ property for residence purposes in the factual situation presented. Admittedly there has been no chang’e. The questions here presented have, therefore, been determined adversely to the defendants, and the ordinance must be set aside in so far as it affects the property of the prosecutors, with costs.” The application of the principle of res judicata in the foregoing case is in harmony with the rule in New York that ‘ ‘ Generally speaking, a declaratory judgment is res judicata in the same manner and extent as any other judgment” (7 Carmody-Wait, New York Practice, p. 490 and cases cited under § 217; see, also, Restatement, judgments, § 77; annotation: ‘ ‘ Extent to which principles of res judicata are applicable to judgments in actions for declaratory relief ”, 10 A. L. R. 2d 782).
The court is of the opinion that the petition is sufficient and the respondents ’ motion to dismiss is denied. The respondents are granted leave to serve an answer to the petition within 10 days after entry of the order hereón.