William R. Brennan, Jr., J.
This proceeding involves a parcel of six lots located on the westerly side of Turkey Lane north of Chestnut Street in Cold Spring Harbor (Lots 16 through 21 on a “ Map of 175 Lots ” filed in the Suffolk County Clerk’s office under file No. 625 on July 28, 1927). Under a building zone ordinance adopted by the Town Board of the Town of Huntington on or about December 5, 1934, this parcel and land adjacent thereto were placed in a Residence E zone (5,000 square feet). On February 17,1954 by amendment to the building zone ordinance the zoning of the parcel and the adjacent land was changed to Residence C (10,000 square feet). Less than three months later and on May 4, 1954 the parcel and adjacent land were placed in a Residence B zone (one acre) by a further amendment of the building zone ordinance.
Thereupon, the petitioner and others brought an action to declare the ordinance, as last amended, invalid insofar as it classified the real properties described in that complaint, including the parcel involved in the instant proceeding. The case was heard by Official Referee Francis Gr. Hooley who, on December 14,1955, rendered judgment for plaintiffs, entered December 19, 1955 as follows: (1) that the building zone ordinance insofar as it reclassified the real property of plaintiffs by the amendment of May 4, 1954 was invalid and in contravention of the Constitution and laws of the State of New York and the Constitution of the United States; (2) that the building zone ordinance as amended on May 4, 1954 so far as it affected the properties involved in the action was not a comprehensive plan designed for the purposes set forth in the Town Law; (3) enjoining and restraining the defendants in that action, constituting the Town Board of the Town of Huntington, from any attempt to enforce the building zone ordinance as amended on May 4, 1954, insofar as it reclassified the real property of the plaintiffs in a Residence B district; and (4) containing a further ordering paragraph that the amendment dated May 4, 1954 ‘ ‘ is invalid, mill and void for the further reason that it failed to prescribe a *242 district having a fixed area and defined boundaries as required by the Town Law. ’ ’
In view of the present respondents’ contention that Referee Hooley’s determination of constitutionality was unnecessary and beyond his powers, the following facts should be noted. The defendants submitted a proposed judgment to him containing an adjudication that the amendment dated May 4,1954 made to the building zone ordinance was invalid and void for the reason that it failed to describe a district having a fixed area and defined boundaries as required by the Town Law, and further containing a decretal paragraph “ that those portions of the complaint which raised constitutional issues are hereby dismissed for mootness.” The Referee refused to sign this judgment. His opinion, decision and judgment also constituted a denial of the motion made by the defendants at the trial before him to dismiss the complaint insofar as it related to unconstitutionality. It further appears that on December 19, 1955, the very date of entry of judgment, the defendants served and thereafter filed a notice of appeal from so much of said judgment as declared the building zone ordinance invalid and in contravention of the Constitution and laws of the State of New York and the Constitution of the United States and as decreed that the building zone ordinance as last amended was not a comprehensive plan designed for the purposes set forth in the Town Law, and from such parts only. This appeal was never prosecuted.
On the 20th day of December, 1955 the Town Board of the Town of Huntington adopted an amendment to the zoning ordinance which again zoned the parcel which is the subject of this proceeding and adjacent land as Residence B (one acre). The petitioner in this proceeding thereafter applied to the Building Inspector of the town for a building permit for the parcel of six lots hereinabove described. The Inspector denied the permit upon the ground of inadequacy of area of the parcel which concededly contained a little more than 12,000 square feet. An appeal taken to the Zoning Board of Appeals of the Town of Huntington ultimately resulted in an order denying the appeal. Thereupon, petitioners commenced this article 78 proceeding seeking an order directing the Zoning Board of Appeals of the Town of Huntington to review the order and decision of the Building Inspector of the town dated November 8, 1957 denying petitioner’s application for a building permit and granting said appeal and ordering and directing the issuance of a permit by the said Inspector accordingly.
The respondents in this proceeding promptly moved to dismiss the petition upon the ground that it failed to state facts *243 sufficient to constitute a cause of action. This motion was denied, as was leave to appeal from the order of denial (21 Misc 2d 137, Christ, J.). In its decision denying said motion, the court said (pp. 140-141):
1 ‘ Insofar as the December, 1955 amendment placed petitioner’s lands in a Residence B district and imposed the one-acre area restriction, this amendment was a re-enactment of the same zoning which the court had passed upon in the plenary suit involving the May, 1954 amendment and had found invalid. To the extent that the December, 1955 amendment defined the area affected by the zoning change, it corrected the defect which the court had found was present in the May, 1954 amendment. Except for curing the defective description of the affected area, the December, 1955 amendment is identical in substantive impact on petitioner’s lands with the May, 1954 amendment which had been declared invalid by a judgment entered December 14, 1955, six days prior to the enactment of this latest amendment. The December, 1955 amendment was enacted despite the court’s adjudication that its 1954 counterpart was invalid and despite the injunctive provisions of the judgment which forbade by the defendants ‘ any attempt to enforce the Building Zone Ordinance of the defendant Town as last amended insofar as it reclassifies the real property of the plaintiff described in the complaint as in a Residence B district. ’ It is true, that, literally, the judgment of December 14, 1955 was directed at the May, 1954 amendment and it therefore might be argued that the enactment of a new amendment was not in violation of the letter of the injunctive provisions of the judgment. But the issue before this court is not whether what was done six days after that judgment could be found to constitute a basis for citing the Town Board for contempt. The issue is whether the town may, after its ordinance has been judicially declared invalid as to petitioner’s lands, deprive the petitioner of the benefits of such declaratory judgment by enacting, within less than one week, a new ordinance identical in substantive content with its invalid predecessor.
‘1 Zoning is not static. Classifications and restrictions which at the time of enactment were constitutionally valid in their application to particular parcels of land may and have become constitutionally invalid because of changes in conditions and circumstances. Here, the situation is reversed. An ordinance has been judicially declared to be constitutionally invalid as to petitioner’s property. May the legislative body circumvent this adjudication by the simple expedient of re-enacting the same ordinance? In the court’s opinion it may not. The principle of *244 res judicata is applicable to the facts of this case. This is not to say that a determination of invalidity by way of declaratory judgment is res judicata for all time. It is certainly conceivable that changed conditions and circumstances occurring subsequent to the declaratory judgment would make it possible to rezone the affected property to its former status. That is not the case on the facts presented in this proceeding because admittedly there had been no change in conditions or circumstances.”.
The crux of the petitioner’s position now is (1) that the declaration of invalidity of the May 4, 1954 amendment to the zoning ordinance caused the zoning applicable to the affected parcel to revert to Residence C zoning (requiring 10,000 square feet of area) under the amendment of February 17, 1954; and (2) that the December, 1955 amendment is invalid on its face since in its application to the affected parcel it is substantially the same as the May 4, 1954 amendment. It argues that the invalidity of the ordinance being apparent, the Zoning Board of Appeals had no legal alternative but to grant the relief sought and to direct the Building Inspector to issue a permit. The gist of the respondents’ argument is (1) that the prior judgment lacks conclusive effect because, among other things, any determination of constitutionality was unnecessary and indeed beyond the powers of the Official Referee, and there is a difference in parties to the litigations and in circumstances, and (2) that the petitioner is not pursuing an appropriate remedy in any event.
No facts were adduced at the trial to establish any significant change in the circumstances existing when the amendment of December, 1955, was adopted as compared with those existing when the amendment of May, 1954, was adopted. It was shown that in 1959, after the institution of these proceedings, the local central school district acquired a substantial tract in the area included within the 1955 amendment. The court now determines that such acquisition has not effected such a change of circumstances in relation to the affected parcel as to make the 1955 amendment more palatable constitutionally than was its 1954 predecessor which Official Referee Hooley voided.
It is unnecessary to decide whether the judgment rendered by the Official Referee is res judicata. It is sufficient to decide that the judgment and the opinion, findings and conclusions underlying it are applicable to the proceeding now before the court as a matter of controlling precedent.
It should be noted that the declaratory judgment action was on trial before the Official Referee for three days. His opinion constitutes a comprehensive review of the facts and circumstances. Except for one paragraph of the opinion pertaining *245 to the failure of the May, 1954 amendment to prescribe a district having a fixed area and defined boundaries, the remainder of the opinion is concerned with a statement of the facts, a determination of the adaptable use of the property, and a consideration of the constitutionality of the then ordinance. Of 24 findings of fact only one relates to the failure of the ordinance to prescribe a fixed area and defined boundaries, the remaining findings pertaining to facts upon which his determination of unconstitutionality rested. His five conclusions of law contain only one determining invalidity of the ordinance because of failure to prescribe a district having a fixed area and defined boundaries. The judgment made December 14,1955 and entered December 19, 1955 contains the provisions recited in the second paragraph of this opinion and its major emphasis is concentrated upon the unconstitutionality of the ordinance.
Under these circumstances, the opinion and judgment of the Official Referee must be considered as determinative under the doctrine of stare decisis if not of res judicata (cf. Matter of Hyde, 194 N. Y. S. 2d 374, 378, 379; Matter of Davlee Constr. Corp., 21 Misc 2d 137, 141, 142, supra) absent such a difference of controlling facts as to make his decision and judgment clearly distinguishable. No evidence has been submitted in behalf of the respondents to warrant this court in departing from the precedent set by the Official Referee. Moreover, the decision of Mr. Justice Christ sustaining the petition herein against demurrer by the respondents and already referred to is likewise decisive herein as establishing the law of this case, since the facts established at the trial substantially support the allegations of the petition which have already been held sufficient as a matter of law.
The respondents’ objection that the prior judgment should be treated as obiter rather than given decisive effect because the Referee could have decided the declaratory judgment action without passing on constitutional issues has been noted but cannot be sustained.
In Matter of Goodwin v. State Tax Comm. (286 App. Div. 694, 698) the court said:
“ The petitioner argues that the statement by the Supreme Court upholding the validity of the provision limiting deductions in the case of nonresidents was an obiter dictum since the statute was held unconstitutional as to nonresidents on other grounds.
“ We cannot regard the Supreme Court’s statement as a mere obiter dictum, in view of the fact that the alleged invalidity of the deduction provision was squarely presented to the court as *246 one of the grounds upon which the statute was claimed to be unconstitutional. The rejection of that ground of attack by the court is just as authoritative a part of the court’s decision as its upholding of the other ground of attack, the denial of exemptions to nonresidents.”
A similar doctrine was stated in Matter of Broderick v. City of New York (295 N. Y. 363, 368, 369) where the court said:
“ Since the first of those two propositions was enough to dispose of the Rushford case, the city now maintains that the second proposition was a mere obiter dictum. This is a misconception. Indeed, when two or more points arise and are argued and the appellate court passes upon them all, no branch of the decision is merely incidental, but all the grounds thereof must be taken to be equal in force and together constitute the judgment (O’Brien v. Union Central Life Ins. Co., 207 N. Y. 180, 187; Matter of Fay, 291 N. Y. 198, 215. See United States v. Title Ins. Co., 265 U. S. 472, 484; Richmond Co. v. United States, 275 U. S. 331, 340; Cheater v. Cater, [1918] 1 K. B. 247, 252-253; London Jewellers, Ld., v. Attenborough, [1934] 2 K. B. 206, 222).” This in effect restated what the Court of Appeals had set forth in Matter of Fay (291 N. Y. 198). (See, also, Brown v. Utica Mut. Ins. Co., 184 Misc. 693, 700, 701; People v. Railway Express Agency, 188 Misc. 342, 344; Rohrbach v. Germania Fire Ins. Co., 62 N. Y. 47, 58.)
The effect of the declaration of invalidity of the May 4, 1954 amendment was to restore the zoning applicable prior to that amendment to Residence O (10,000 sq. ft.) zoning. (Little v. Young, 82 N. Y. S. 2d 909, 914.) The enactment of a new amendment substantially the same as the amendment nullified by the court was not effective to avoid the consequences of the judgment (cf. Matter of Hyde, 194 N. Y. S. 2d 374, 379, supra). Where it appears that an ordinance has not been validly adopted, an article 78 (Civ. Prac. Act) proceeding lies to compel appropriate action by the respondents (Brachfeld v. Sforza, 114 N. Y. S. 2d 722, 724). The same consequence necessarily follows for an ordinance which is invalid on its face because of its close enactment of zoning restrictions determined to be unconstitutional by contemporaneous or recent judicial decision. It has been so held in the case at bar by the decision sustaining the sufficiency of the petition.
The challenge to the procedure followed by the petitioner is overruled. The Zoning Board had jurisdiction to make the determination complained of (Town Law, § 267, subd. 2). Indeed, the record shows that originally the Zoning Board neither granted nor denied the appeal to it from the refusal of *247 the Building Inspector to issue a permit and that upon stipulation between counsel for the parties an order was made directing the Zoning Board of Appeals to review the order and decision of the Inspector and to grant or deny said appeal. Since it did have such jurisdiction, article 78 of the Civil Practice Act seems to provide the proper procedure for review (Streeter v. Cowle, 6 A D 2d 811). Again, it may be noted that the order sustaining the petition against demurrer necessarily determined that the remedy pursued by the petitioner was proper. The petitioner is therefore entitled to the relief sought herein.