Joseph A. Suozzi, J.
In this article 78 (Civ. Prac. Act) proceeding, the petitioners seek to compel the Town Board of the Town of Huntington to amend its building zone map to indicate that premises owned by the petitioners are located in a Residence O zone instead of a Residence B and B-l district. The *432 respondents move to dismiss the petition for legal insufficiency, and for that reason the facts alleged in the petition are deemed admitted for the purpose of this proceeding.
The petitioners are the owners of real property located in the Cold Spring Harbor section in the Town of Huntington. The original Building Zone Ordinance, adopted by the town in 1934, placed petitioners’ land in a Residence E zone which prescribed a minimum area for dwellings of 5,000 square feet. The property was reclassified in 1952, and twice in 1954 by amendments to the ordinance which successively upgraded the minimum area requirements to 7,500 square feet, 10,000 square feet, and 43,560 square feet or one acre, respectively.
At this juncture, the petitioners instituted an action for declaratory judgment to invalidate the one-acre zoning classification. After trial before the Honorable Francis Gr. Hooley, Official Referee, a judgment was rendered for the plaintiffs as follows: (1) the ordinance (May, 1954) was declared invalid and unconstitutional insofar as it reclassified plaintiffs’ property for one-acre zoning; (2) the ordinance, as last amended in May, 1954 was declared not to be enacted pursuant to a comprehensive plan as set forth in the Town Law; (3) the ordinance was invalid for failure to prescribe a district having defined boundaries; and (4) the judgment restrained the Town Board from enforcing the ordinance as last amended in 1954.
The judgment was entered on December 14,1955, and six days later on December 20, 1955, the town reamended its ordinance and again located petitioners’ land in a one-acre zone. The amendment this time defined the geographic boundaries of the district, and so corrected one defect pointed out by the Official Referee. The ordinance, however, in all other respects, was simply a re-enactment of the May, 1954 ordinance.
The petitioner Davlee Construction Corp., thereafter and on October 25, 1957 applied for a building permit on a parcel containing 12,017.7 square feet. The Building Inspector denied the permit, and an application for a variance was ultimately denied by the Board of Zoning Appeals.
An article 78 proceeding was then instituted to review the latter determination. The petition was held sufficient in law on a motion to dismiss (Matter of Davlee Constr. Corp. v. Brooks, 21 Misc 2d 137, Christ, J.). The case was then heard before Mr. Justice Brennan of this court, and the permit was ordered to issue (Matter of Davlee Constr. Corp. v. Brooks, 26 Misc 2d 240).
In the intervening period, the town once more amended its ordinance and zoning map. This latest amendment, adopted February 18, 1958, placed the petitioners’ premises in a Resi *433 dence B and B-l zone, which require a building area of one acre and 20,000 square feet respectively.
Insofar as the petition in the instant proceeding states as a fact — which is deemed admitted — that there have been no changes in conditions or circumstances affecting the land in question since 1954, the situation presented here is not unlike that which was previously before Mr. Justice Christ. In his opinion, he said: ‘ ‘ Zoning is not .static. Classifications and restrictions which at the time of enactment were constitutionally valid in their application to particular parcels of land may and have become constitutionally invalid because of changes in conditions and circumstances. Here, the situation is reversed. An ordinance has been judicially declared to be constitutionally invalid as to petitioner’s property. May the legislative body circumvent this adjudication by the simple expedient of re-enacting the same ordinance? In the court’s opinion it may not. The principle of res judicata is applicable to the facts of this case. This is not to say that a determination of invalidity by way of declaratory judgment is res judicata all the time. It is certainly conceivable that changed conditions and circumstances occurring subsequent to the declaratory judgment would make it possible to rezone the affected property to its former status. That is not the case on the facts presented in this proceeding because admittedly there had been no change in conditions or circumstances.” (Matter of Davlee Constr. Corp. v. Brooks, 21 Misc 2d 137, 141.) And Mr. Justice Brehnah, after a trial of the issues in that same case, found as follows: “ The effect of the declaration of invalidity of the May 4, 1954 amendment was to restore the zoning applicable prior to that amendment to Residence C (10,000 sq. ft.) zoning. (Little v. Young, 82 N. Y. S. 2d 909, 914.) The enactment of a new amendment substantially the same as the amendment nullified by the court was not effective to avoid the consequences of the judgment (cf. Matter of Hyde, 194 N. Y. S. 2d 374, 379, supra). Where it appears that an ordinance has not been validly adopted, an article 78 (Civ. Prac. Act) proceeding lies to compel appropriate action by the respondents (Brachfeld v. Sforza, 114 N. Y. S. 2d 722, 724). The same consequence necessarily follows for an ordinance which is invalid on its face because of its close enactment of zoning restrictions determined to be unconstitutional by contemporaneous or recent judicial decision. ” (Matter of Davlee Constr. Corp. v. Brooks, 26 Misc 2d 240, 246.)
For the purposes of this motion, the court is not convinced that a substantive difference exists between the present and the 1955 proceeding. The court cannot proceed on the theory that *434 a change in circumstances and conditions has occurred merely because of the time lapse between the zoning amendments made in 1955 and 1958. Transitions may well in fact have taken place, but the petitioners allege otherwise, and that allegation, on demurrer, is deemed admitted.
The 1958 amendment, moreover, imposes on the petitioners’ property, in part, the identical one-acre area restriction contained in the May, 1954 and December, 1955 amendments, heretofore found constitutionally invalid. Once again, the question so aptly posed and answered in the negative by Mr. Justice Chbist (Matter of Davlee Constr. Corp. v. Brooks, 21 Misc 2d 137, 141) is raised. May the legislative body circumvent this adjudication by the simple expedient of re-enacting the same ordinance? The answer is still “ No ”.
The additional circumstance that the 1958 amendment placed the other portion of the petitioners’ premises in a Residence B-l (20,000 sq. ft.) zone does not make legal which is unlawful. A legislative body cannot thwart the judgment of this court ¡by repeated rezoning which is unrelated to transitions subsequently occurring. Nor can property owners be subjected to continuous litigation by employment of the same tactics. As a matter of substantive law, if changed conditions do exist, this fact should be raised by answer to the petition, and the petitioners be allowed the right to litigate the issue.
The respondents challenge the power of this court to grant the relief requested. Their claim is that an amendment of the zoning map involves the exercise of legislative power which is pre-empted from review by the courts. The principle is sound but not applicable. It goes unquestioned that zoning is a legislative function, and that the court undoubtedly is without power to zone property or to substitute its judgment for that of a legislative body.
The petitioners, however, do not seek to have the court determine or change the applicable zoning classification. They simply ask the court to direct the respondents to indicate on their records, viz., the building zone map, the correct zoning established for their property by the valid enactments of the town. The effect of the declaration of invalidity of the May 4, 1954 amendment was to restore the zoning applicable prior to that amendment — which was Residence 0 [10,000 sq. ft.] (Matter of Davlee Constr. Corp. v. Brooks, 26 Misc 2d 240, 246). The enactment of subsequent and equally invalid amendments effects the same reversion to the Residence C zone. The petitioners want the zoning map to so indicate. Performance of the act is a *435 ministerial function and may be compelled (Matter of Smidt v. McKee, 262 N. Y. 373).
The sufficiency of the petition is also attacked on the ground that the petitioners failed to apply to the Town Board for an amendment of the zoning map, and failed to follow the procedure prescribed in the ordinance on such application. This challenge is predicated on the same erroneous theory as the last objection. What the petitioners ask is not an amendment of the map, but a correction thereof to reflect the appropriate zoning classification to which it reverted because of the invalidity of the amendments enacted after May 4, 1954. Furthermore, it is inconceivable that petitioners, in every instance, would be forced to follow the procedure indicated (see Building Zone Ordinance, art. XI, § 1) to obtain building permits simply because the town refuses to indicate the appropriate zone classification on its map.
The contention that this proceeding was not timely instituted is overruled. The proceeding was started within four months from the time that demand was made on the town to change its map.
The court finds the petition sufficient in law, and respondents ’ motion to dismiss is denied. Leave to appeal is denied.
Having so determined, the only matter remaining is the application of the respondents for leave to serve an answer to the petition. The history of this matter, related in the petition and undisputed, reveals that in a prior article 78 proceeding respondents moved to dismiss the petition as a matter of law pursuant to section 1293 of the Civil Practice Act. Mr. Justice Christ, at Special Term, Nassau County, denied the motion (Matter of Davlee Constr. Corp. v. Brooks, 21 Misc 2d 137, supra), and granted petitioners leave to answer. The proceeding thereupon came on for trial before Mr. Justice William R Brennan, resulting in a written decision in favor of the petitioner (Matter of Davlee Constr. Corp. v. Brooks, 26 Misc 2d 240, supra). In his decision, following a trial held in the Fall of 1960, Mr. Justice Brennan stated as follows: “No facts were adduced at the trial to establish any significant change in the circumstances existing when the amendment of December, 1955, was adopted as compared with those existing when the amendment of May, 1954, was adopted. It was shown that in 1959, after the institution of these proceedings, the local central school district acquired a substantial tract in the area included within the 1955 amendment. The court now determines that such acquisition has not effected such a change of circumstances in relation to the affected parcel as to make the 1955 amendment more palat *436 able constitutionally than was its 1954 predecessor which Official Referee Hooley voided. ” (p. 244).
It would appear that no useful purpose would be served by granting leave to file an answer, except to further delay and frustrate the petitioners. Accordingly, leave to serve an answer to the petition is denied, and the petition is granted. (Matter of Kingsview Homes, 9 A D 2d 782.)