■ In the Matter of DAVLEE CONSTRUCTION CORP., Respondent, v. LEONARD L. HORN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants, and EARL H. WILLETS, as Building Inspector of the Town of Huntington, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act: (1) to review and annul a determination of the Zoning Board of Appeals of the Town of Huntington, which sustained the decision of the town's Building Inspector denying the petitioner's application for a building permit; and (2) to direct said building inspector to issue such permit, the said board appeals from so much of a final order of the Supreme Court, Nassau County, dated February 9, 1961, as annulled the board's said determination and directed it to issue the building permit sought by petitioner. Upon this appeal, the said board also brings up for review: (a) a first intermediate order of the same court, dated January 15, 1959, which denied the board's motion to dismiss the petition for legal insufficiency; and (b) a second intermediate order of the same court, dated April 17, 1959, which denied the board's application for leave to appeal from the first order. Final order, insofar as appealed from, affirmed, with costs; first intermediate order affirmed, without costs; appeal from second order dismissed as academic. In our opinion, the Justice at Special Term, who made the first intermediate order denying the

motion to dismiss the petition for legal insufficiency, correctly ruled that, as to the subject premises, the original judgment of December 14, 1955 rendered by Official Referee Hooley in an action for a declaratory judgment (wherein the Referee held, *inter alia*, that the zoning amendment adopted by the Town of Huntington on May 4, 1954 was unconstitutional and void), was *res judicata* with respect to the subsequent zoning amendment of December 20, 1955, and that such judgment remained and continued to be *res judicata* until and unless it be established that there is a change in the conditions found to have existed with respect to the amendment of May 4, 1954 (*Matter of Davlee Constr. Corp. v. Brooks*, 21 Misc 2d 137). We also agree with the holding of the Justice at Special Term, before whom the issues herein were tried, that the evidence adduced at the trial did not establish such a significant change of the conditions in relation to the subject premises as to render the amendment of December 20, 1955 more appropriate and satisfactory, in point of constitutionality, than was its predecessor of May 4, 1954 (*Matter of Davlee Constr. Corp. v. Brooks*, 26 Misc 2d 240). In these circumstances, the Board of Appeals was not warranted in denying the building permit sought by petitioner. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.