■ In the Matter of ANGELO J. PALIOTTO, Respondent, v. ARTHUR G. DICKERSON, as Chief Building and Zoning Inspector of the Town of Islip, Appellant.— In a proceeding pursuant to article 78 of the former Civil Practice Act, to compel the Building and Zoning Inspector of the Town of Islip to issue to the petitioner a permit to erect and operate a gasoline service station and to install and use gasoline storage tanks on his premises, the said Building Inspector appeals from three orders of the Supreme Court, Suffolk County: (1) an order entered September 25, 1961, which granted the petition and directed him to issue such permit (see 29 Misc 2d 948); (2) an order dated October 30, 1961, which denied his motion "to renew argument" upon his application to dismiss the petition; and (3) an order, made February 23, 1962, which: (a) granted petitioner's motion for reargument of the Building Inspector's prior motion "to renew argument;" (b) vacated the said order of October 30, 1961; and (c) denied said prior motion on the specific ground that the court considered it "as a motion to reargue rather than a motion to renew." Order of February 23, 1962, made upon reargument, insofar as it denied the Building Inspector's prior motion to renew his application to dismiss the petition, reversed on the law, without costs; such prior motion to renew is granted; and, upon such renewal, the petition is dismissed, without costs. The findings of fact are affirmed. Appeals from order entered September 25, 1961 and order dated October 30, 1961 dismissed, without costs as academic; such orders were superseded by the last order of February 23, 1962,

In view of the additional facts presented to the Special Term in support of the Building Inspector's said prior motion for leave to renew argument upon his application to dismiss the petition, it was error to have denied such motion; and an appeal lies from the order of denial (*Drinkwater* v. *Grady,* 285 App. Div. 1176). The principle is well established that an appellate court must decide a case on the basis of the law as it exists at the time of its decision (*Strauss* v. *University of State of N. Y.,* 2 N Y 2d 464). Assuming, *arguendo,* that, at the time the petitioner applied for the permit and at the time of entry of the original order of September 25, 1961, he was entitled as a matter of right to the issuance of a permit by the Building Inspector by reason of the invalidity of the September, 1956 amendment to the zoning ordinance, nevertheless, such right to the permit was not a vested one; and this appeal must be decided upon the law as it now exists (*Matter of Dengeles* v. *Young,* 3 A D 2d 758). The building zone ordinance, as amended on October 17, 1961 and as it presently reads, prohibits the issuance of a permit for the purpose intended. The ordinance as it now exists is controlling (cf. *Matter of Town Bd. of Town of Huntington* v. *Plonski,* 13 A D 2d 704, affd. 10 N Y 2d 1035). Moreover, in the absence of any substantial improvement upon the property, the petitioner did not obtain any vested right under the order which was subject to review (*Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494; *Matter of Atlas* v. *Dick,* 275 App. Div. 670, affd. 299 N. Y. 654). In our opinion, the case of *Matter of Davlee Constr. Corp.* v. *Brooks* (21 Misc 2d 137, affd. *sub nom. Matter of Davlee Constr. Corp.* v. *Horn,* 16 A D 2d 973), upon which petitioner relies, is distinguishable and not controlling on the issue here presented. At bar, the amendment enacted in September, 1956, was invalidated on the ground that, as enacted, it varied substantially from the amendment as proposed in the notice of hearing given prior to the enactment. Although a technical deficiency in the procedural steps required for the enactment of an ordinance amendment may invalidate the amendment, a town board is not barred from thereafter curing such defect by properly re-enacting the amendment in accordance with the statutory requirements (cf. *Merrick Park Home Owners Assn.* v. *Town of Hempstead,* 142 N. Y. S. 2d 636). In *Davlee* (*supra*), the zoning amendment was held to be void on the ground that basically it was unconstitutional, and not because of procedural defects (*Matter of Davlee Constr. Corp.* v. *Brooks,* 26 Misc 2d 240, affd. *sub nom. Matter of Davlee Constr. Corp.* v. *Horn,* 16 A D 2d 973). Accordingly, we conclude that, in view of the amendments enacted in October, 1961 and of the fact that their validity has not been challenged, the petitioner is not presently entitled to the issuance of a permit for the construction of a gasoline service station on his property. (For a related appeal, see *Paliotto* v. *Town of Islip,* 22 A D 2d 930, decided herewith; for preliminary motions relating to this appeal, see 15 A D 2d 521, 936; for decision at Special Term, see 29 Misc 2d 948.) Beldock, P. J.; Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.