■ SCOTT T. THERIAULT, Respondent, v TOWN OF FARMINGTON PLANNING BOARD et al., Appellants. [608 NYS2d 910] —Judgment insofar as appealed from unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in vacating the Planning Board's denial of a special permit and directing the Planning Board to issue a permit to petitioner. Although a two-family dwelling was a special permitted use in an A-40 district under the zoning code of the Town of Farmington when petitioner submitted his application for a special use permit, the zoning code was amended after petitioner commenced the CPLR article 78 proceeding and before Supreme Court rendered its determination. The amendment eliminated two-family dwellings as special permitted uses in A-40 districts. In the absence of a showing of a vested right *(see, Matter of Paliotto v Dickerson,* 22 AD2d 929), or of special facts *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Golisano v Town Bd.,* 31 AD2d 85), an amendment to a zoning ordinance outlawing a use for which a permit was sought applies where, as here, "the amendment was passed after the final administrative determination but prior to the culmination of the judicial review process" *(Matter of King Rd. Materials v Garafalo,* 173 AD2d 931, 932; *see also, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 99 AD2d 754, *affd* 64 NY2d 921). The zoning code as it exists today is, therefore, controlling. (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Article 78.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.