ELLEN SHAW BARLOW, Appellant, v. CHARLES L. CRAIG, as Comptroller of the City of New York, and Others, and with Them Impleaded the Following Person as Having an Interest in the Subject-Matter of this Action, PHILIP GROSBACK, Respondents.

First Department, October 31, 1924.

Civil service — taxpayer's action to determine legality of appointment of lieutenant of police in New York city to captaincy — appointment was made after expiration of civil service list on which lieutenant's name appeared as eligible — constitutional law — New York Constitution, art. 5, § 9 — Laws of 1923, chap. 778, adding § 288a to Greater New York charter authorizing appointment is unconstitutional — injunction pendente lite granted.

Chapter 778 of the Laws of 1923, adding section 288a to the Greater New York charter, which provides that the police commissioner may promote to the rank of captain a lieutenant of police who has been a member of the force for at least thirty-five years, a lieutenant of police for at least twenty years, and has been acting captain of a precinct or squad for at least seven years and who is on the eligible civil service list in existence January 1, 1923, for promotion to the rank of captain, violates section 9 of article 5 of the State Constitution providing that appointments and promotions in the civil service of the State

and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained so far as practicable by examinations.

Accordingly, the promotion of a lieutenant in the police department in the city of New York to the position of captain of police is illegal where, at the time of the appointment, the eligible list upon which his name appeared had expired, although he was on the eligible list for a promotion to a captaincy on January 1, 1923.

An injunction *pendente lite* should have been granted in this taxpayer's action to determine the legality of the appointment, since the payment of the salary in violation of law is an illegal act and constitutes a waste of the public funds.

APPEAL by the plaintiff, Ellen Shaw Barlow, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of August, 1924, denying a motion for an injunction *pendente lite* in a taxpayer's action.

*H. Eliot Kaplan* [*Albert De Roode* of counsel], for the appellant.

*George P. Nicholson,* Corporation Counsel [*Elliot S. Benedict* of counsel; *John F. O'Brien* and *Arthur Sweeney* with him on the brief], for the respondents Craig and others.

*Wahle, Gilbert & Black* [*Charles G. F. Wahle* of counsel; *Loring M. Black, Jr.,* with him on the brief], for the respondent Philip Grosback.

MARTIN, J.:

This is a taxpayer's action, the purpose of which is to determine the legality of an appointment made pursuant to a special statute but not in accordance with the usual civil service requirements.

The appointment is that of one Grosback, by the police commissioner of the city of New York, to the position of captain of police in the police department, such appointee having been a lieutenant of police receiving a salary of $3,300 per annum, the compensation paid to a lieutenant. As captain he has been paid at the rate of $4,000 per annum.

At the time of such appointment, Grosback was not on any list from which he could be appointed to the position of captain. On January 1, 1923, he was on the eligible list for promotion to a captaincy, but on June 26, 1923, that list terminated, leaving him number 65 thereon. His appointment, six months after this list terminated, was presumably made under sanction of chapter 778 of the Laws of 1923, adding as a new section to the Greater New York charter (Laws of 1901, chap. 466), the following:

" Section 288-a. The police commissioner, in his discretion, may promote to the rank of captain a lieutenant of police who has been a member of the force for at least thirty-five years, a lieutenant of

police for at least twenty years, and has been acting captain of a precinct or squad for at least seven years, and who is on the eligible list of the civil service in existence January first, nineteen hundred and twenty-three, for promotion to the rank of captain."

The constitutionality of this provision is now challenged.

The Constitution of the State of New York, article 5, section 9, provides as follows: "Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive;  *  *  *.  Laws shall be made to provide for the enforcement of this section."

This clearly contemplates that all appointments and all promotions shall be made according to merit and fitness to be ascertained by competitive examination, unless it is in good faith found impracticable to make same according to merit and fitness.

The statute under consideration is plainly an attempt through special legislation to evade the constitutional requirements and the Civil Service Law.

In *Matter of Barthelmess* v. *Cukor* (231 N. Y. 435, 443) the Court of Appeals, in reviewing a similar statute, said: " In determining the purpose of the lawmakers, we have gone far toward determining their power.  Neither expressly nor by implication is the statute a pronouncement that the presence of a soldier among the candidates makes competitive examination futile.  Only when the test is futile does the Constitution suffer its rejection.  We do not mean to say that if such a pronouncement had been made, it would control the judgment of the courts.  The duty would still be theirs, while giving efficacy to the statute within the field of legislative discretion, to exercise a supervisory judgment in circumstances of evasion or abuse [*Matter of Keymer*, 148 N. Y. 219; *People ex rel. Moriarty* v. *Creelman*, 206 id. 570, 575; *People ex rel. Schau* v. *McWilliams*, 185 id. 92, 99].  It is one thing to say that heroism shall count for more than knowledge in offices and employments where heroism, more than knowledge, is the test and evidence of fitness (*People ex rel. Schelpp* v. *Knox*, 48 App. Div. 477; *People ex rel. Leary* v. *Knox*, 166 N. Y. 444).  It is another thing to say that in all the humdrum work of life, the daily routine of shop and of office, of counter and of desk, soldier and sailor, irrespective of the extent and quality of their service, must be presumed to have qualifications sufficient to advance them from the bottom to the top.  The discipline of army and navy, to justify this exaltation of its significance, must bear something more than a remote or fanciful relation to the duties of office or employment.  If that were not so, there

might be discrimination without measure. Ex-legislators, and ex-office holders generally, as well as countless other classes might plead the discipline of the past as creating a presumption of fitness for the duties of the future. There is no need, however, to dwell upon the consequences of an explicit declaration by the Legislature that the test of competitive examination is impracticable for some candidates though practicable for others, suitors for the same position. The statute makes no such declaration in terms, and the breadth of its extension, its undiscriminating generality, these and other features make it impossible that the declaration be implied. In such circumstances, the condemnation of the act is written in the Constitution in words too plain to be misread. Competitive examination must be the test if practicable. Competitive examination has not been found to be impracticable. The Legislature has substituted a preference for a test."

In *Murray* v. *Kaplan* (206 App. Div. 202) this court said: " The Constitution establishes competition as the rule guiding the determination of merit and fitness. There is a restriction upon the power of the Legislature to provide for the appointment by means other than competitive examination, where the same is practicable." (See *People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360, 366; *Hale* v. *Worstell*, 185 id. 247; *Matter of Keymer*, 89 Hun, 292, 299.)

In *Matter of Keymer* (89 Hun, 292, 300; affd., 148 N. Y. 219) it is said that: " To uphold the law in question, therefore, requires the recognition of a power in the Legislature to annul the constitutional provision altogether."

One whose efforts secure for him a position upon a list for promotion in a municipal department is entitled to consideration and protection in such position. It is wholly unfair to endeavor, by special legislation, to prefer another who may have unsuccessfully attempted to secure the appointment through the ordinary and approved tests required by the Civil Service Law and rules, enacted to require compliance with the provisions of the Constitution.

The justice at Special Term in denying the motion said: ' 'Whatever the merits of plaintiff's contention may finally be determined to be, it is manifest that no case is made out for an injunction pending the trial of the action."

The learned justice was in error. In *Schieffelin* v. *Dolan* (204 App. Div. 351, 355) it was clearly pointed out that to pay a salary in violation of law was an illegal act and constituted waste of the public funds. The court said: " In the matter now before us, the reinstatement being unlawful, Dolan is not a member of the force, has no claim upon salary as such, payment thereof is

illegal and a waste of public funds, and the plaintiff as a taxpayer was entitled to begin this action to prevent such waste. It was error, therefore, to refuse the injunction prayed for, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the injunction prayed for granted, with ten dollars costs to the appellant."

It is elementary that a taxpayer's action will lie to restrain an act which is illegal and a waste of public funds.

The order should be reversed, with ten dollars costs and disbursements, and the injunction granted.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted. Settle order on notice.