Roscos V. Elsworth, J.
Plaintiff moves for summary judgment or in the alternative for judgment on the pleadings.
On a motion for summary judgment it must be ascertained whether factual issues exist, for their existence precludes summary relief. The pleadings are amplified by affidavits or other proof. Defendants here proffered no affidavits and argued that on the face of the pleadings factual issues exist. In addition, they considered the action as one for an injunction in which the summary procedure of rule 113 of the Rules of Civil Practice does not apply. Fairly construed, the instant action is one for a declaratory judgment in which equitable relief is sought incidentally. Consequently, it is an action in which a motion for summary judgment may be entertained.
On the motion for judgment on the pleadings it must appear that the pleadings on their face present only questions of law. The denials of defendants’ answer present issues which pre *1072 elude judgment on the pleadings. Such issues may be disposed of, however, on the motion for summary judgment.
Plaintiff has long been engaged in the business of quarrying stone. In May, 1954, it purchased certain lands in the town of Newburgh which were adapted to that purpose. It invested some $145,000 in the purchase and preparation of said lands for quarrying. No zoning ordinance existed in the town of Newburgh until March 14,1956 when an ordinance was adopted creating two types of districts known as ‘ ‘ residential ’ ’ and ‘ business and industrial ’ ’. Quarrying was not specifically prohibited in the ordinance; certain language therein might have been so construed but the Zoning Board of Appeals at the instance of plaintiff herein on August 8, 1956 determined that quarrying was not prohibited. Meanwhile, and on or about July 13, 1956, the Town Board of the Town of Newburgh gave notice of a public hearing on July 25, 1956 as to whether the zoning ordinance should be amended to prohibit quarrying in the entire town. On August 6, 1956, the Town Board adopted an amendment to the ordinance, prohibiting quarrying in the town except in a certain defined area. Part of plaintiff’s premises which contains deposits of stone is in the prohibited area and it seeks a declaration that said amendment is void.
Plaintiff urges that the amendment is void because it was adopted without the required public notice and hearing. Sections 264 and 265 of the Town Law require a public hearing as a condition precedent to the amendment of the zoning-ordinance. The notice of hearing and hearing related to an amendment banning quarrying entirely in the town. The amendment banned quarrying everywhere but in a certain section. At first blush it might seem that a notice to ban quarrying everywhere in the town was sufficient notice to ban it in part of the town because of the fact that the greater necessarily included the lesser. Yet, closer analysis can lead only to the conclusion that a substantial difference exists between what was noticed to be considered and what was actually done. Plaintiff did not have a fair and reasonable chance to prepare and present its case against discrimination in favor of one area as against another when under the published notice such question was not even to arise. Interested citizens were not given the opportunity to present the relevant facts and considerations with reference to the desirability or nondesirability of excepting an area.
The power of the Town Board to amend the ordinance is delimited by the stated purpose in the notice of hearing. A slavish and technical adherence to the notice is not required. *1073 On the other hand there cannot be substantial and extensive deviations from the expressed objectives of the public hearing. (Village of Mill Neck v. Nolan, 233 App. Div. 248, affd. 259 N. Y. 596.) “ A town board is a statutory body having only such powers as are expressly conferred upon it. Its power to enact local legislation is subject to the requirement of a public hearing on the proposed legislation and the giving of public notice of such hearing. The notice must describe in general terms the proposed legislation. To validate a town ordinance, these requirements must be duly complied with.” (Brachfeld v. Sforza, 114 N. Y. S. 2d 722, 725.)
The amendment is therefore void because of the defective notice of hearing. Even if the notice were considered adequate, the amendment to the ordinance is void because it offends the provisions of section 262 of the Town Law. This section provides : ‘ For any or all of said purposes the town board may divide that part of the town which is outside the limits of any incorporated village or city into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this act; and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration or use of buildings, structures or land. All such regulations shall be uniform for each class or kind of buildings, throughout such district but the regulations in one district may differ from those in other districts.”
The purport of this section is to bar discrimination in uses in one type of zoned area. The effect of the amendment is to vary permissible uses in the ‘ business and industrial ’ ’ zone of the town of Newburgh. The Town Board has no power to declare that quarrying can be done in part of a business and industrial ’ ’ zone but not in another part of the same zone.
Because of these decisive legal issues, summary judgment must be awarded plaintiff.
Submit order in accordance herewith.