D. Ormonde Ritchie, J.
Petitioner, the owner of a parcel of real property within an area rezoned from Business 1 to Industrial by amendment of the Zoning Ordinance by resolulution of the respondent board adopted October 22, 1957, after a public hearing held on August 27, 1957, instituted this proceeding pursuant to article 78 of the Civil Practice Act, for an order reviewing and annulling a subsequent resolution of respondent board excluding petitioner’s property from the Industrial Zone established by the resolution of October 22, 1957. The resolution designed to so exclude petitioner’s property was adopted December 3,1957. The resolution of exclusion was adopted without a public hearing having been held thereon. Under date of December 18, 1957 a further notice was published by the respondent board designed to nullify the exclusion of petitioner’s property effected by the resolution of December 3 and to reinstate petitioner’s property in area designated as Industrial in the amendment adopted on October 22, 1957. The resolution of reinstatement, published under date of December 18,1957, was adopted without a public hearing having been held thereon. On the return date of petitioner’s application, respondent board challenged the sufficiency of the petition in point of law and sought an order directing its dismissal.
In support of the motion to dismiss the petition, it is urged by the board that the notice dated December 18, 1957, correcting the notice dated December 9, 1957, reinstated petitioner’s property to its designation as Industrial; that it was in that classification at the time the proceeding was instituted; that petitioner has suffered no harm; and that for those stated reasons the issues raised in the petition are academic. The respondent board’s contention that petitioner’s property is presently zoned Industrial is based upon the curious argument that the original resolution is valid and assuming the two subsequent resolutions *5 are invalid then the first resolution determines the zoning classification of petitioner’s property, i.e., Industrial, or, assuming all resolutions to be valid, then the third resolution reinstating the zoning classification of petitioner’s property as fixed by the first resolution achieves the same result, i.e., the classification as Industrial. In answer thereto the petitioner asserts both the second and third resolutions are ineffective as not having enacted amendments to the Zoning Ordinance in accordance with the requirements of section 265 of the Town Law. However, he seeks only a determination herein as to the validity of the second resolution adopted.
It is conclusory that if the third resolution had not been adopted, the petitioner would clearly be entitled to a determination as to the validity of the second resolution, and the court flatly states that the second resolution is invalid to effect an amendment to the Zoning Ordinance, the procedure followed having been violative of sections 264 and 265 of the Town Law. In its argument on the return date of the application respondent board urged that the third resolution was adopted to correct a mistake in the second resolution, the mistake having been the exclusion of petitioner’s property from that designated as Industrial in the first resolution. Such objections are on the merits and should have been set forth in an answer and the affidavits required by section 1291 of the Civil Practice Act, together with the certified transcript of the record of the proceedings sought to be reviewed.
From the petition and the procedure taken by respondent board on this application the court is convinced that the second resolution adopted was designed to amend the Zoning Ordinance. To effect such purpose the procedure required in sections 264 and 265 of the Town Law must necessarily be followed. It was not and accordingly the respondent board’s application to dismiss the petition is denied and the petition is granted and the resolution adopted December 3, 1957 is declared to be invalid.