Anthony M. Livoti, J.
This is a proceeding under article 78 of the Civil Practice Act for an order in the nature of mandamus compelling the respondent as the Chief Building and Zoning Inspector of the Town of Islip to issue to the petitioner a permit for the erection, operation and occupancy of a gasoline service station building, and the installation, construction, maintenance and use of gasoline storage tanks on his property. This permit was denied by the respondent on August 2, 1961, upon the sole ground that the zoning classification in which petitioner’s property is located does not allow the construction and maintenance of a gasoline station and its appurtenances. The petitioner challenges, insofar as his property is affected, the validity of the resolution of September 11, 1956, amending the zoning ordinance in effect prior thereto pursuant to which the use of the property here sought was valid. This he does on the ground that the amendment as adopted varied substantially from the amendment as proposed in the published notice of hearing given prior to the enactment of the amendment; and that in such circumstances the amendment is void insofar as it affects petitioner’s property. (Callanan Road Improvement Co. v. Town of Newburgh, 6 Misc 2d 1071, affd. 5 A D 2d 1003; *949 Village of Mill Neck v. Nolan, 233 App. Div. 248, affd. 259 N. Y. 596.)
The notice of hearing proposed the transfer of all parcels then classified under the “ Business District ” pursuant to which gasoline stations were permissible to a “ Business 1 District ” to be enacted, under which such use was prohibited and to eliminate the original classification of ‘‘ Business District.” Instead, in the amendment as adopted, only part of the existing parcels in the original “Business District” was transferred to the newly established ‘ ‘ Business 1 District ’ ’, other parts being transferred to districts in other classifications and still other parts remaining in the old “Business District” originally intended to be eliminated.
The court is of the opinion that the above-described deviations in the amendment as adopted, from the amendment as proposed in the notice of public hearing were sufficiently substantial and extensive to render the amendment invalid and ineffective insofar as it concerned petitioner’s property described in paragraph 1 of his petition. Accordingly, a final order will be made directing the respondent to issue the permit herein sought, in accordance with the plans, specifications and survey filed with the respondent. Submit order.