James D. Hopkins, J.
The plaintiffs, the chairman and vice-chairman respectively, of the Ossining Republican Town Committee, have applied by way of an order to show cause, for a temporary injunction restraining the defendants, the Mayor and Chief of Police of the Village of Ossining, from interfering with the operation by the plaintiffs of a sound truck or sound amplifying system on the public streets of the Village of Ossining on the 4th, 6th, and 7th days of November, 1961, between the hours of 3:00 p.m. and 7:00 p.m. The application is made in an action for a declaratory judgment adjudicating that an ordinance of the village prohibiting the use and operation of any device for the amplification of sound without a permit from the Mayor of the village is void and unconstitutional.
The plaintiffs allege that they intend to operate a motor vehicle equipped with a sound amplifying system for the purpose of disseminating messages in support of the Republican candidates for public office to be filled at the general election to be held on November 7,1961. They assert that they asked for a permit for such a purpose from the defendant Mayor who refused to grant the permit.
The defendants justify the refusal on the provisions of a village ordinance, which states in part that ‘1 no person shall use or operate or cause to be used or operated * * * upon any public street or place, or on any vehicle, any device or apparatus for the amplification of sounds from any radio, phonograph or other sound making or sound reproducing device without a permit from the Mayor of the Village therefor ”. A violation of the ordinance is, by its terms, punishable by a fine not in excess of $50, or imprisonment not exceeding 60 days, or both.
The defendants further justify the refusal by reference to the minutes of the Board of Trustees of the village, disclosing that on two occasions the decision of the Mayor in refusing the use of a sound truck had been supported by the members of the board. The defendants also submit a third transcript from the minutes which indicates that during the presidential campaign of 1960, the Board of Trustees permitted the use of sound *226 trucks for county, State, or national candidates only, during the pre-election period of that year.
It is a fair conclusion to be drawn from the opposing papers that the refusal of the permit by the Mayor is based on the provisions of the ordinance, for obviously the declarations of the Board of Trustees in the minutes were designed as a policy statement for the guidance of the Mayor. The ultimate responsibility for the granting or refusal of a permit under the terms of the ordinance is placed on the Mayor alone. It is likewise clear that no standards have been established in the ordinance for the exercise of the power thus vested in the Mayor.
The ordinance, so interpreted, is void and unconstitutional on its face, for it imposes a prior restraint on free expression, to be lifted or enforced in the unfettered discretion of the Mayor (Saia v. New York, 334 U. S. 558; Hague v. C. I. O., 307 U. S. 496; cf. Matter of Rockwell v. Morris, 12 A D 2d 272, appeal dismissed 9 N Y 2d 791; Cardon v. Cromarty, N. Y. L. J., Nov. 2, 1961, p. 16, col. 1). The vice of such an ordinance becomes apparent from the actions taken in its name: although a permit was refused in the present instance for electioneering purposes, a year ago for the same purposes a permit was issued.
It is no answer that in the last instance a presidential election was to take place. Every election is held pursuant to law, and all candidates for public office, no matter what their political party may be, are entitled to present their views to the electorate through the medium of free speech.
The plaintiffs, as the heads of a political party, and as applicants for a permit, are aggrieved in a legal sense by the defendant Mayor’s refusal. They should not be compelled to risk an arrest and a potential sentence of a fine or imprisonment, or both, for the operation of a sound truck as proposed, since under the ordinance they are subject to prosecution as persons who “ cause to be used or operated ” a sound amplification device.
The remedy of a temporary injunction is drastic. It should be sparingly granted, save in cases of clear legal right, and where irreparable harm will result, unless it is issued. Here, the ordinance is void on its face, and an election is imminent. The plaintiffs may be protected from future interference under these circumstances (cf. Buffalo Gravel Corp. v. Moore, 201 App. Div. 242, affd. 234 N. Y. 542). The application is accordingly granted.