Anthony M. Livoti, J.
This is an action against nine known defendants and three unknown defendants setting up three causes of action as follows:
1. The first cause of action is predicated upon section 51 of the General Municipal Law to obtain an injunction against the defendants Town Board of the Town of Islip and the individual defendants as members of the Town Board and the Town of Islip, enjoining them from taking any action whatsoever to consider and adopt any change of zone from 1‘ business or business 1 districts to business 1 district ” to the Revised Zoning Ordinance of the Town of Islip affecting property of the plaintiff and other taxpayers in accordance with a purported notice dated November 6, 1961, which the plaintiff requests to be adjudged and decreed as void and of no effect.
2. The second cause of action is for a declaratory judgment declaring whether the plaintiff’s property described in paragraph 6 of the complaint is zoned in “ business ” or in “ business 1 district ” as promulgated by the Revised Zoning Ordinance of the Town of Islip, pursuant to section 473 of the Civil Practice Act.
3. The third cause of action is for damages resulting from a conspiracy participated in and by all of the defendants or one or more of them, in a concerted scheme and plan, all to the damage of the plaintiff in the sum of $100,000.
Plaintiff moved for an injunction pendente lite to enjoin and restrain the defendants Town of Islip, Town Board of the Town of Islip and the individual defendants, as. members of the Town Board of the Town of Islip, pending the determination of this action, from taking any action whatsoever to consider and adopt the proposed zoning amendment to the Revised Zoning Ordinance of the Town of Islip, in accordance with and as described in defendants’ ambiguous and indefinite notice dated November 6,1961, which renders such notice void in violation of the statu *449 tory requirements of sections 264 and/or 265 of the Town Law. Said notice is contained in paragraph 5 of the complaint, which states in part: “on the recommendation of islip town board for the following change of zone from Business or Business 1 District * * * to Business 1 District”.
Plaintiff is a taxpayer in the Town of Islip, Suffolk County, assessed upon the assessment roll of said town for an amount in excess of $1,000, and has been assessed and has paid taxes upon an assessment in excess of $1,000 within one year previous to the commencement of this action; thus plaintiff qualifies to commence the instant action pursuant to section 51 of the General Municipal Law. Defendants are the Town of Islip, members of its Town Board, the Town Clerk, the Chief Building and Zoning Inspector of the town and three unknown defendants.
It has been long settled in this State that before an injunction pendente lite may be granted, the court should be satisfied, first, that the plaintiff’s right to the ultimate relief requested is not in doubt, and second, that the irreparable damage which he claims will result from its denial outweighs the damage which may result to the party whose actions are sought to be restrained.
In the light of this motion for an injunction pendente lite the court is given power to determine the sufficiency of the complaint, even without a formal cross motion. (Challenger v. Household Finance Corp., 179 Misc. 966, affd. 266 App. Div. 844; Leonard v. John Hancock Mut. Life Ins. Co., 118 N. Y. S. 2d 170, affd. 281 App. Div. 859.)
The complaint alleges three causes of action. The first is set forth in the allegations numbered 1 through 12; the second in paragraphs numbered 13 through 41; and the third in paragraphs numbered 42 through 45. Paragraph 13 of the second cause of action realleges as part thereof paragraphs 1 through 12 of the first cause of action, and paragraph 42 of the third cause of action realleges, as a part thereof, paragraphs 1 through 12 of the first cause of action and paragraphs 14 through 41 of the second cause of action.
Formal allegations aside, which are based upon section 51 of the General Municipal Law, the complaint contains the following facts as to the first cause of action:
By a published notice dated November 6, 1961, which defendant Town Board caused to be printed, it is stated in part: “ notice is hereby given that the Town Board of the Town of Islip will hold a public hearing on November 30, 1961 * * * on the recommendation of islip town board for the following change of zone from Business or Business 1 District # * * to Business 1 District ”.
*450 The plaintiff herein, owner of part of property sought to be rezoned by defendants, challenges the validity of the publication by the defendants of the purported notice of hearing, upon the ground that said notice is ambiguous, indefinite and renders such notice void in violation of the statutory requirements of sections 264 and/or 265 of the Town Law and such action by defendant Town Board would constitute an illegal official act and that no hearing was ever had by the Planning Board of the Town of Islip prior to the purported public hearing by the Town Board, as adopted by defendants pursuant to section 274 of the Town Law.
In paragraph 8 of his complaint plaintiff alleges “ That not only would such illegal official action by defendant Town Board be in violation of the Town Law * * * but it would be highly injurious to the public interest and would impose unjust burdens upon the plaintiff and other taxpayers whose properties will be affected by the adoption of the proposed illegal amendment ”.
In paragraph 9 plaintiff alleges “ That any action by the defendant Town Board to adopt the proposed amendment * * * pursuant to said notice of hearing would constitute an illegal official act * * * and any such illegal official act would imperil public interest and property rights of the plaintiff and other taxpayers who would suffer irreparable injury and would impose unjust burdens upon the plaintiff and other taxpayers and should be permanently enjoined and restrained.77
In paragraph 10 plaintiff alleges “ That the matter of adoption of the proposed ambiguous amendment * * * is scheduled to be heard and considered by the defendant Town Board on November 30,1961 * * * that the said defendants might at any time thereafter adopt the proposed ambiguous amendment which action would result in immediate and irreparable injury to the plaintiff and other taxpayers, unless the defendants are enjoined from performing the acts complained of and threatened, during the pendency of this action.7 7
In considering and in passing upon the legal sufficiency of this complaint this court is required to follow the well-established and fundamental rule of law that an application of this character must be accepted as true in all the relevant allegations and the reasonable inferences that may be drawn therefrom. (Schwartz v. Heffernan, 304 N. Y. 474.) Thus, the only basic issue presented for determination is whether the defendants Town of Islip and Town Board have the power, under the existing law, to do the threatened acts sought to be enjoined and restrained.
*451 Pursuant to the provisions of section 51 of the General Municipal Law, which, so far as pertinent herein, states as follows: ‘ ‘ All officers * * * acting * * * for and on behalf of any * * * town * # * and each and every one of them, may be prosecuted, and an action may be maintained against them to prevent any illegal official act on the part of any such officers * * * or to prevent waste or injury to, or to restore and make good, any property, funds, or estate of such * * * town * * * by any person * * * whose assessments shall amount to one thousand dollars * * " in the * * * town * * * to prevent the waste or injury of whose property the action is brought ”. (Emphasis supplied.) It is thus readily apparent, in express terms, that section 51 of the General Municipal Law authorizes injunctive relief against town offices (1) “ to prevent any illegal official act ”; (2) u to prevent waste or injury to any property, funds or estate ” and (3) “ to prevent the waste or injury of whose property the action is brought.”
“ A decision made without authority is an illegal official act.” (Aldrich v. City of New York, 208 Misc. 930, 936, affd. 2 A D 2d 760.)
In effect, section 51 of the General Municipal Law grants the right to the plaintiff to prevent the making of that decision.
In Rogers v. O’Brien (153 N. Y. 357, 361) the Court of Appeals said: “ The words ‘ to prevent any illegal official act,’ * * *
plainly relate to acts germane to the purpose of the new legislation, which was to extend the remedy for the protection of taxpayers against frauds and peculations of public officials and to prevent usurpation by public bodies or agents, of powers not granted, the exercise of which may imperil the public interests.” (Emphasis supplied.)
The Court of Appeals in reviewing the history of legislation in respect to taxpayers’ actions in Altschul v. Ludwig (216 N. Y. 459, 466-467) said: “ If, therefore, the plaintiff can succeed it must be by virtue of the provisions of section 51 of the General Municipal Law which authorize the maintenance of a taxpayer’s action to prevent an ‘ illegal official act ’ * * * The mere illegality of the official act in and of itself does not justify injunctive relief at the request of the taxpayer. To be entitled to this relief, when waste or injury is not involved, it must appear that in addition to being an illegal act the threatened act is such as to imperil the public interests or calculated to work public injury or produce some public mischief.” In this case a theatre had been built by private capital. There was no waste of public funds and the taxpayer was permitted to *452 maintain an action to restrain a violation of the building code which imperiled the public interests. The court on page 470 said: “ but when the board acts beyond its limited statutory jurisdiction its action is void and in such cases the courts may and in proper cases doubtless will review and correct action taken by the board in excess of its authority.” (Emphasis supplied.)
In accordance with section 51 of the General Municipal Law, redress may only be had ‘ ‘ when the official acts complained of are found to be corrupt # * * or where ‘ there is a total lack of power in defendants, under the law, to do the acts complained of ’ (Stahl Soap Corp. v. City of New York, 5 N Y 2d 200, 204; Kaskel v. Impellitteri, 306 N. Y. 73, 79, cert, denied 347 U. S. 934; 8 McQuillin, Municipal Corporation [3d ed.], p. 126.)
“ [A]n ‘illegal official act,’ for ‘ that cannot be legal which is forbidden by law.’ (Peck v. Belknap, 130 N. Y. 394, 399.) ” (Brill v. Miller, 140 App. Div. 602, 605; italics supplied.) A court of equity has the power to restrain public bodies and public officers from acting in violation of law. (Blanshard v. City of New York, 262 N. Y. 5.)
Defendant Town Board’s notice of public hearing which is contained in paragraph 5 of the complaint, purporting to comply with sections 264 and/or 265 of the Town Law, states in part:
“ notice is hereby given that the Town Board of the Town of Islip will hold a public hearing on November 30, 1961 at 8:00 p. m., at the Town Hall, Islip, New York, on the recommendation of islip town board for the following change of zone from Business or Business 1 District as shown on the Brentwood-Edgewood Amended Zoning Map #2 to Business 1 District of all or part of the following described parcel of land in the Brent-wood School District; and located on the northeast corner of Second (Street) Avenue, and Timberline Drive (Garibaldi Avenue), Brentwood, Town of Islip, Suffolk County, New York and more fully described as follows: * * * The above description is intended to include Lots 1 to 20 inclusive, Block #10, as shown on Filed Map #814 entitled ‘ Meucci Gardena, Section 1.’ At which time all interested persons will be given an opportunity to be heard.”
The plaintiff, as owner of part of the property sought to be rezoned by the defendants, challenges the validity of the publication by the defendants of the purported notice of hearing upon the ground that the said notice is in violation of sections 264 and/or 265 of the Town Law due to the ambiguity and indefiniteness of said notice, and any such action by the defend *453 ant Town Board would constitute an illegal official act. The plaintiff’s objections are well founded.
The phrase contained in said notice of defendant Town Board, to wit, “ from Business or Business 1 District * * * to Business 1 District,” on its face, constitutes patent admitted ambiguity.
Frederic Jesup Stimson in his book Glossary of Technical Terms, Phrases, and Maxims of the Common Law, on page 20 gives the following definitions: ‘1 Ambiguiias, 1. 1. Ambiguity. Uncertainty of meaning in the words of a written instrument. It is patent, when the doubt arises upon the face of the instrument itself; latent, when the doubt arises from extrinsic matter or collateral circumstances.” Black’s Law Dictionary defines a patent ambiguity and a latent ambiguity as follows:
“ patent ambiguity is that which appears on the face of the instrument, and arises from defective, obscure or insensible language used.
1 ‘ latent ambiguity is where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence, creates a necessity for interpretation or a choice among two or more possible meanings.”
It is thus readily apparent that the defendant Town Board’s notice of hearing does not comply with the statutory requirements of section 265 of the Town Law in that the notice of hearing is ambiguous and indefinite, hence, rendering such notice void. Any adoption pursuant to defendant’s said notice would constitute a meaningless act, which may very well be construed as an 11 illegal official act” within the meaning of section 51 of the General Municipal Law.
As was stated in Village of Sands Point v. Sands Point Country Day School (2 Misc 2d 885, 888, affd. 2 A D 2d 769): “ Since the Legislature does not require the performance of empty gestures, it must have intended to require the publication of a notice which reasonably apprises the public of the essence of the regulations to be adopted.”
It may be here remarked that the town 1‘ may not ignore the legislative command, nor should courts close their eyes to a violation of the mandate.” (Loos v. City of New York, 257 App. Div. 219, 223.) It seems clear that the legislative authority requires ‘ ‘ When there is a fair, reasonable and substantial doubt concerning the existence of an alleged power in a municipality, the power should be denied.” (Matter of City of New York, 228 N. Y. 140, 152; italics supplied.)
*454 As zoning statutes are in derogation of the common-law rights to property, it follows that zoning statutes and ordinances must be strictly construed in favor of property owners. (Deligtisch v. Town of Greenburgh, 135 N. Y. S. 2d 220, 224; City of Buffalo v. Roadway Tr. Co., 303 N. Y. 453; Matter of 440 E. 102nd St. Corp. v. Murdock, 285 N. Y. 298; 1 Rathkopf, Law of Zoning and Planning [3d ed.], ch. 8.)
In Kurlander v. Incorporated Village of Hempstead (31 Misc 2d 121, 123) it is said: “ ‘ Strict construction of a statute,’ says Judge Francis J. McCaffrey in his book, Statutory Construction (p. 145), ‘ is that which refuses to expand the law by applications or equitable considerations, but confines its operation to cases which are clearly within the letter of the statute as well as within its spirit or reason; it resolves all reasonable doubts against the applicability of the statute to the particular case.’ Or as was stated in Transit Comm. v. Long Is. R. R. Co. (253 N. Y. 345, 355): ‘ Rules of the common law are to be no further abrogated than the clear import of the language used in the statute absolutely requires.’ ”
Towns are municipal corporations with limited powers and they have only such powers as are expressly conferred by statute. A Town Board is a statutory body having only such powers as are expressly conferred upon it. (Brachfeld v. Sforza, 114 N. Y. S. 2d 722, 725; Callanan Rd. Improvement Co. v. Town of Newburgh, 6 Misc 2d 1071, affd. 5 A D 2d 1003; Deligtisch v. Town of Greenburgh, 135 N. Y. S. 2d 220, supra.)
The power of the Town Board to amend its ordinances is delimited by the stated purpose in the notice of hearing. (Village of Mill Neck v. Nolan, 233 App. Div. 248, affd. 259 N. Y. 596; Castle v. McLaughlin, 270 F. 2d 448, 451; Callanan Rd. Improvement v. Town of Newburgh, supra; Matter of Paliotto v. Cohalan, 6 Misc 2d 1, mod. on other grounds 6 A D 2d 886, affd. 8 N Y 2d 1065; 8 McQuillin, Municipal Corporations [3d ed.], § 25.251, p. 610; Matter of Paliotto v. Harwood, 11 Misc 2d 3; Town of Lexington v. Bean, 272 Mass. 547.)
An ambiguous statutory notice of hearing should be resolved against such notice and renders any action by a legislative body void. (Matter of the City of New York [Piers Old Nos. 8-11], 228 N. Y. 140, 152, supra.)
The court is of the opinion that the first cause of action alleged in the complaint sufficiently states a prima facie cause of action.
Section 51 of the General Municipal Law is remedial and our courts have held said section is to be liberally construed for the purpose of protection of the taxpayer. (Meinhardt v. Britting, *455 10 Misc 2d 757; Fox v. Smith, 123 App. Div. 369; Hicks v. Eggleston, 105 App. Div. 73; Eagle Nest Corp. v. Carroll, 179 Misc. 99; Queens County Water Co. v. Monroe, 83 App. Div. 105; Shiebler v. Griffing, 83 Misc. 363; in a dictum by Judge Cardozo in Smith v. Hedges [223 N. Y. 176, 186] is the following-language : “ The scope of the taxpayer’s action has steadily expanded [Altschul v. Ludwig, 216 N. Y. 459]. * * * We must not limit the just effectiveness of the remedy by any narroiu construction.”) (Italics supplied.)
It is well settled that the court has inherited, as early as the reign of Edward III, long before our Federal and State judicial systems, the established principle that the Chancellor could restrain action which would cause irreputable injury. (Walker v. Walker, 82 N. Y. 260, 262.) Such power to enforce it is inherent in the court as well, as constitutionally provided. (N. Y. Const., art. VI, § 1; Civ. Prac. Act, § 64; Matter of Steinway, 159 N. Y. 250, 255; Schwartz v. Lubin, 6 A D 2d 108, 111.)
The plaintiff’s affidavits and verified complaint establish satisfactorily that he will sustain irreparable damages unless an injunction pendente lite is granted because he suffers a special injury different from that suffered by the public at large. Plaintiff’s affidavits are not controverted except for a bare conclusion of the defendants’ attorney contained in an affidavit that he (the plaintiff) ‘1 will suffer no more irreparable injury than any other landowner whose properties are considered for rezoning. ’ ’ However, it is uncontroverted that a court determination had already been had declaring the plaintiff, as a matter of law, to be rightfully entitled to a building permit for the construction of a gasoline service station on plaintiff’s property described in paragraph 6 of the complaint (29 Misc 2d 948, 949), which this court by its order of September 25,1961, pursuant to article 78 of the Civil Practice Act, ordered defendant Dickerson to issue to plaintiff, but of which issuance the defendants willfully and intentionally, through their purported acts, have deprived the plaintiff. (Matter of Dubow v. Ross, 254 App. Div. 706.)
Nor is it controverted that zoning ordinances must be strictly construed in favor of property owners. Plaintiff alleges that no proposed zoning amendments to the Revised Zoning Ordinance of the Town of Islip could be considered by defendant Town Board until after the filing of a report referring to the proposed change by the Planning Board. This allegation is challenged by defendants’ attorney’s affidavit on the alleged ground that “ The Town Board has always retained its right to rezone without prior reference to the Planning Board ” and he attached as an exhibit thereto a resolution adopted by defend *456 ant Town Board on October 10, 1960, and not on September 1, 1961, as stated in defendants’ attorney’s affidavit, which states: ic resolved, that effective immediately all new applications for re-zoning and special permit uses will bo processed through the Planning Board prior to the required hearings by the Town Board, and that the Planning Board have ready its recommendation to the Town Board at the time of the public hearing.” (Emphasis supplied.)
Section 274 of the Town Law states in part: “ The Town may, by general or special rule provided for the reference of any matter or class of matter * * * to the Planning Board before the final action thereon by the body or officer of said Town having final authority thereon * * * where the Town Board has authorized such Planning Board to approve or disapprove such matters, final action thereon by the body or officer of said Town having authority thereon shall not be taken until such Planning Board has had a reasonable time to submit its report thereon.” (Emphasis supplied.)
Thus, it is readily apparent that the plaintiff’s contention is well founded and that defendant Town Board could not legally consider the approval or disapproval of any rezoning amendments “ Until such Planning Board has had a reasonable time to submit its report thereon ’ ’ to the defendant Town Board.
It is noted that it was not “ on the recommendation of the Town Board ” but on the instructions of the Town Attorney to hold a separate public hearing on the plaintiff’s property “ in order to definitely change this property [plaintiff’s property] to Business 1,” as contained in the defendants’ attorney’s affidavits and exhibits.
The court further notes that notwithstanding an injunctive provision contained in the order of Mr. Justice Joseph M. Cowboy, dated November 29, 1961, enjoining and staying the defendants “ pending the hearing and decision upon this order to show cause * * * from taking any action whatsoever to consider and adopt the proposed zoning change (Amendments) to the Revised Zoning Ordinance of the Town of Islip in accordance with the said alleged notice of the defendants dated November 6, 1961 which is fully described in paragraph 1 5 ’ of the complaint,” the defendants have nevertheless caused a notice to be served upon the plaintiff purporting to hold a hearing on said notice dated November 6, 1961,' on January 11, 1962, in contumacious violation of the aforesaid order of November 29, 1961.
In conclusion and in view of the protracted litigation herein, it would be well to note the foresight and wisdom in the language *457 spoken in Matter of Van Auken v. Kimmey (141 Misc. 105, 116): “ Zoning ordinances are not intended to be and cannot long continue to be mere strcdtjackets to be applied and held rigid by purely bureaucratic authority. * * * Properly administered, zoning ordinances do not destroy bnt add to values; arbitrarily administered or adopted, without regard to the proper limits of police power, they become instruments of hardship and of tyremny which can only be relieved by multitudinous applications to the court.” (Italics supplied.)
The plaintiff’s affidavits and the allegations of the complaint indicate that the plaintiff will suffer irreparable damage unless an injunction pendente lite is granted because he suffers a special and different injury from that suffered by the public at large, and the plaintiff’s right to an injunction having been established in a clear and convincing manner, the plaintiff is entitled to an injunction pendente lite enjoining and restraining defendants Town of Islip, Town Board of the Town of Islip, the individual defendants as members of the Town Board of the Town of Islip and the Town Clerk, pending the final determination of this action, from taking any action whatsoever to consider and adopt the proposed zoning amendment to the Revised Zoning Ordinance to the Town of Islip affecting plaintiff’s property described in paragraph 6 of the complaint in accordance with the said alleged notice of defendants dated November 6, 1961, which is fully described in paragraph 5 of the complaint.
The second cause of action is properly pleaded for a declaratory judgment declaring whether the plaintiff’s property is zoned in Business District, as promulgated by the Revised Zoning Ordinance of the Town of Islip, County of Suffolk, State of New York, pursuant to section 473 of the Civil Practice Act. (Dun & Bradstreet v. City of New York, 276 N. Y. 198; Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163; Ridgefield Oil Corp. v. City of Syracuse, 287 N. Y. 234; Brown v. New York State Tax Comm., 199 Misc. 349, affd. 279 App. Div. 837, affd. 304 N. Y. 651; James v. Alderton Dock Yards, 256 N. Y. 298.)
The court is of the opinion that the complaint pleads facts requiring a determination to declare the rights of the plaintiff to the use of his property. (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45; Marshall v. City of Norwich, 1 A D 2d 498.)
The third cause of action charges all of the defendants with a willful, fraudulent, illegal and malicious combination and conspiracy to circumvent the effect of a final order made by this *458 court dated and entered September 25,1961, for the sole purpose to willfully and intentionally deprive the plaintiff of his right to erect and construct a gasoline service station on his property in accordance with the plans and specifications filed with defendant Dickerson (par. 43).
The complaint alleges in paragraph 44, A through I, that the defendants or one or more of them in order to hinder, delay and defraud the plaintiff committed a series of acts by them as conspirators in carrying out a common scheme or plan to willfully and intentionally deprive him of his right to construct a gasoline service station on his property. This, in the opinion of the court, constitutes a cause of action to recover damages for fraud accomplished through a conspiracy in which all of the defendants are charged with having participated. Moreover, any defendant who joined the conspiracy (all are alleged to have joined) is a participant, whether his part in carrying it out was large or small. (Paramount Pictures v. Brandt, 193 Misc. 657, affd. 275 App. Div. 652.)
The plaintiff on August 7, 1961, brought a proceeding under article 78 of the Civil Practice Act, in the nature of mandamus, for an order to invalidate defendant Town of Islip’s zoning amendment of September 11, 1956, as affecting plaintiff’s property. On September 25, 1961, a final order therein was granted under the court’s decision of September 22, 1961, adjudging (1) the invalidity of the amendment of September 11, 1956, to the Revised Zoning Ordinance of the Town of Islip, affecting plaintiff’s property; (2) that the September 11, 1956, amendment was invalid for the reason that it failed to prescribe a district having a fixed area not in harmony with the general purpose and intent of the notice of hearing of June 18, 1956; (3) that the plaintiff is included in Business District as promulgated by defendant Town Board of Islip; (4) that plaintiff’s prayer for an order in the nature of mandamus, pursuant to article 78 of the Civil Practice Act, compelling defendant Dickerson to issue plaintiff a permit for construction of a gasoline service station on his property was granted and (5) that defendant Dickerson was ordered and directed to issue said building permit to plaintiff.
The defendants, in order to circumvent the effect of the final order of this court dated September 25, 1961, “with the sole purpose to willfully and intentionally deprive the plaintiff ” of his right to construct a gasoline station on his property, have by its methods and procedures attempted to adopt legislation to circumvent the said final order to deprive the plaintiff of his right to construct said station.
*459 This court, being a court of competent jurisdiction, held constitutionally invalid an amendment of September 11, 1956, to the Revised Zoning Ordinance of the Town of Islip, affecting the property of the plaintiff, and ordered a building construction permit to be issued by defendant Dickerson to plaintiff. Any subsequent legislation to attempt to circumvent the final order of this court dated September 25, 1961, is ineffective. It is well settled that the zoning ordinance has been judicially declared to be invalid as to plaintiff’s property; thus, a legislative body cannot circumvent -this adjudication by the simple expedient of re-enacting the same ordinance. (Matter of Davlee Constr. Corp. v. Brooks, 21 Misc 2d 137-138; Matter of Hyde v. Village of Baxter Estates, 194 N. Y. S. 2d 374, 379; Matter of Davlee Constr. Corp. v. Brooks, 26 Misc 2d 240-243; Matter of Davlee Constr. Corp. v. Brooks, N. Y. L. J., Dec. 7, 1961, p. 16, col. 8.)
It is observed that the defendant Town of Islip is a public corporation and a municipal corporation (General Corporation Law, §§ 2, 3; Town Law, § 2). As a public corporation and a municipal corporation, it has the right to sue and is subject to be sued in all courts in lihe cases as any natural person or persons. (N. Y. Const., art. X, § 4; Andraka v. Town of Pompey, 1 A D 2d 427, 431; Matter of Fleischmann v. Graves, 235 N. Y. 84, 89.) Let an order be entered accordingly.