ALEX OLESHKO, Respondent, *v.* NEW YORK STATE LIQUOR AUTHORITY, Appellant.

First Department, December 19, 1967.

*Stanley Stein* of counsel (*Hyman Amsel,* attorney), for appellant.

*Abraham Schatzman* for respondent.

WITMER, J. This is an appeal from an order granting respondent's motion for a preliminary injunction during the pendency of an action by respondent to enjoin appellant Liquor Authority from proceeding with a hearing to revoke respondent's liquor license on charges growing out of the same facts (alleged brib-

ery) which have given rise to a criminal indictment now pending against respondent, and denying appellant's cross motion to dismiss the complaint.

The facts alleged and asserted by the plaintiff below and on this appeal and undisputed by appellant are that, based upon alleged events occurring on respondent's premises in Nassau County in June, 1965 and on July 2, 1965, respondent was indicted in that county on charges of gambling and of bribery. Thereafter appellant served notice upon respondent of a hearing to be held June 10, 1966 to revoke his liquor license by reason of the alleged acts for which respondent was indicted. At the request of the Nassau County District Attorney the hearing was adjourned on various occasions until February 28, 1967, the District Attorney stating that he did not want his witnesses against respondent to testify at appellant's hearing until after the trial of the pending indictment. On February 28, 1967, on the representation that the criminal trial was imminent, and upon the request of respondent, appellant's hearing officer adjourned the hearing for a few months, subject to call on further notice. It was noted at that time that the gambling charge against respondent had been dismissed, leaving only the bribery charge pending in Criminal Court, Nassau County. On May 12, 1967 a further notice of hearing by appellant was returnable. Respondent then assured appellant's hearing officer that the criminal case in Nassau County had been assigned to a trial part and that the trial would occur shortly. Appellant then adjourned the hearing to a "final" date, June 28, 1967, with warning that there would be no further adjournment. Respondent made objection on constitutional grounds before the hearing officer, demanding that in no event should the hearing be held before the criminal trial; and thereafter, on June 16, 1967 respondent instituted this action to enjoin appellant Authority from proceeding with the hearing during the pendency of the criminal indictment against him. In his complaint he has alleged in effect that it will be a denial of due process of law to him for the hearing by the Authority to be held before the criminal trial; and that he has a constitutional right to remain mute at the criminal trial, but that this will be of no avail to him, if, to protect his liquor license, he must testify before the Authority, and thus make his testimony available to the District Attorney. He also alleged that the criminal trial would be concluded within one or two months, and that therefore the Authority would not be prejudiced by the further delay.

Appellant submits that it is vested with the duty to supervise its licensees and in the public interest to suspend or revoke a

license held by one who shall " suffer or permit * * * the licensed * * * premises to become disorderly " (Alcoholic Beverage Control Law, § 106, subd. 6); and that in the performance of such duty it is authorized and even required to conduct hearings on charges leading to suspension or revocation of licenses (Alcoholic Beverage Control Law, § 119). It contends that it is not for the court to interfere with the Authority's administrative acts before a determination is made, but only to review its acts thereafter. We agree generally with this contention; but we also recognize that in an appropriate case, to prevent injustice the court is empowered to intervene with respect to the performance of a statutory duty by a public board or authority. (*People ex rel. Negus* v. *Dwyer*, 90 N. Y. 402; *Barlow* v. *Craig*, 210 App. Div. 716; *Matthes* v. *Collyer*, 32 Misc 2d 224; *Paliotto* v. *Town of Islip*, 31 Misc 2d 447; *Burack* v. *State Liq. Auth. of State of N. Y.*, 160 F. Supp. 161; and CPLR 6311.)

Generally, however, a court will not grant a preliminary injunction in the absence of a showing of a clear right to the injunctive relief sought. (See *Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113; and 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 6301.18 and 6301.32.) A plaintiff must do more than allege mere conclusions. In the case at bar respondent has expressed fear of loss of constitutional rights and of prejudice if appellant proceeds with the hearing but there is no satisfactory showing of how he may be injured. The difficulty with respondent's position is that he asks the court to assume that the Authority will violate his constitutional rights when it conducts the hearing. This we may not do.

To the contrary, upon the facts presented we may properly assume that the Authority will not violate respondent's constitutional rights. For example, since the gambling charge against respondent in the criminal case has been dismissed, there is no reason why the Authority may not conduct its hearing with respect to that charge without legal objection from respondent. Moreover, even as to the bribery charge, it is clearly within the scope of the Authority's duties to inquire concerning the particular nature of the charge against respondent and as to whether under the circumstances thereof it should temporarily suspend respondent's license pending the outcome of the indictment. (See *Silver* v. *McCamey*, 221 F. 2d 873, 874–875.) Furthermore, respondent has not shown that he has exhausted his rights to protect himself in other ways. No satisfactory explanation is made for the inordinate delay in bringing the case to trial or

why respondent has not moved to dismiss the indictment for failure to bring it to trial.

It may very well be that should the Authority *revoke* respondent's license after a hearing, solely on the basis of the pending bribery indictment, it would constitute a denial of due process of law to respondent, for such precipitate action would not appear to be essential to the public welfare. (See *Silver* v. *McCamey, supra.*) Civil actions should not be permitted to prejudice a pending criminal case when such prejudicial action may reasonably be avoided. (See *Campbell* v. *Eastland,* 307 F. 2d 478, 487, cert. den. 371 U. S. 955; *United States* v. *Parrott,* 248 F. Supp. 196, 199–202; *Perry* v. *McGuire,* 36 F. R. D. 272; Note: Concurrent Civil and Criminal Proceedings, 67 Col. L. Rev. 1277.) But of course we may not assume nor speculate in advance of action by the Authority that it will thus transgress upon respondent's constitutional rights.

With respect to the cross motion for dismissal of the complaint we have already indicated that with appropriate allegations such an action may be maintained. Upon the allegations of this complaint and the admitted facts, however, we find that respondent has no such cause of action. Moreover, we hold as a matter of discretion that rarely should an action for relief of the nature sought herein be maintained. In our view an article 78 proceeding will afford all the relief needed. An administrative body cannot compel one to testify in violation of his constitutional rights. If a licensee's license be revoked on the basis of a determination made in violation of his essential rights of due process, the determination may be reviewed and set aside in an article 78 proceeding. We believe that this is the more expeditious and orderly way in which to deal with such problems.

The order appealed from should be reversed and the motion for a preliminary injunction should be denied upon the law and the facts, and the cross motion to dismiss the complaint should be granted, on the law and the facts and as a matter of discretion, with costs and disbursements to the appellant.

BOTEIN, P. J. (concurring in the result). I concur in the result, mainly because plaintiff has not shown any reason for the delay in bringing the two and one-half year indictment to trial and also does not indicate that he has made any application for dismissal of the indictment for lack of prosecution.

McGIVERN, J. (dissenting). I dissent and would affirm.

The acts allegedly committed by the licensee and which brought him into collision with the authorities, occurred in June and July of 1965. Following a long series of adjournments

before the S.L.A., largely at the instance of the District Attorney, and with the acquiescence of the S.L.A., the licensee made his first appearance before the Authority in February of 1967. At that time, his attorney requested a further adjournment on constitutional grounds and with the suggestion that laches against the Authority had already set in; he said: " and I submit that this hearing should be adjourned so that none of the testimony given here can be used by the District Attorney in view of the fact that the testimony in this proceeding could very well be used by the District Attorney against him in the Criminal Court matter, and I further submit that this proceeding was commenced by a notice which you will observe is dated June 2, 1966 ".

And the Hearing Commissioner, in granting the adjournment, said: " In view of that we will adjourn this hearing with an open date, with the understanding that as soon as you would hear, you will advise in writing as soon as the criminal matter is heard, and disposed of ".

Then there ensued further adjournments from April 12, 1967, to May 12, 1967, to June 28, 1967, which latter hearing the licensee has sought to enjoin, thus far successfully.

In my view, the analysis of the court at Special Term was correct. If the licensee now testifies at the S. L. A. hearing, his testimony becomes available to the District Attorney and his defense in the criminal trial is shaken. If he stands mute, his license is cast to hazard. For if he remains mute at a hearing, after adverse testimony, the likelihood is that his license will be revoked or suspended, the quantum of proof being far less than that required in a criminal court. He should not be impaled on this dilemma. Furthermore, repeated adjournments were granted by the S. L. A. at the importunity of the District Attorney. It is patently inequitable to have adjourned the hearings at the request of the prosecutor, based on expediency, and deny a similar request by the licensee based on constitutional grounds of no mean gravity. As the Court of Appeals said in *People* v. *Donovan* (13 N Y 2d 148, 151) : " It needs no extensive discussion to establish the high place which the privilege against self incrimination enjoys in our free society."

And as was said by the Court of Appeals for the District of Columbia Circuit: " Due process is not observed if an accused person is subjected, without his consent to an administrative hearing on a serious criminal charge that is pending against him. His necessary defense in the administrative hearing may disclose his evidence long in advance of his criminal trial and prejudice his defense in that trial." (*Silver* v. *McCamey,* 221

F. 2d 873, 874–875; cf. also, 67 Col. L. Rev. 1277 [Nov., 1967].)

That Special Term had power to act as it did is recognized by the majority herein: " but we also recognize that in an appropriate case, to prevent injustice the court is empowered to intervene with respect to the performance of a statutory duty by a public board or authority. (*People ex rel. Negus* v. *Dwyer*, 90 N. Y. 402; *Barlow* v. *Craig*, 210 App. Div. 716; *Matthes* v. *Collyer*, 32 Misc 2d 224; *Paliotto* v. *Town of Islip*, 31 Misc 2d 447; *Burack* v. *State Liq. Auth. of State of N. Y.*, 160 F. Supp. 161; and CPLR 6311.) "

It is no answer to suggest, as does the majority, that if the plaintiff loses his license without due process having been honored, then he has his remedy in an article 78 proceeding. This places on the licensee an undue and an utterly unnecessary burden. Equity now having jurisdiction of the parties, the subject matter, and having knowledge of the facts, should give complete relief now and put an end to the litigation; it should not relegate the licensee to yet another and a separate proceeding. (*Kilbourne* v. *Supervisors*, 137 N. Y. 170, 178; *Turner Lbr. Co.* v. *Lacey*, 201 App. Div. 41, 43.)

Nor can this licensee be much of an ogre. If he is, the Authority regards the continuance of his license with a wondrous equanimity. The Authority certainly did not proceed against him posthaste. The facts of his involvement first occurred in June of 1965. The S. L. A. did not insist on a hearing until June, 1967. By that time urgency had fled. And a felony indictment had long been suspended over the licensee framed on the same facts as the Authority would now make the subject of its demand for a hearing. But since the Authority has been so lethargic in seeking a hearing, equity should hear and respond to the licensee's Macedonian cry.

Pomeroy's Equity Jurisprudence quotes with approval the words of an English Chancellor: " A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands, where the party has slept upon his rights, and acquiesced for a great length of time. Nothing can call forth this court into activity but conscience, good faith, *and reasonable diligence.*" (5th. ed., vol. 2, § 419).

The motion of the licensee should be granted and the appellant's motion to dismiss the complaint should be denied.

Stevens and Eager, JJ., concur with Witmer, J.; Botein, P. J., concurs in result in opinion; McGivern, J., dissents in opinion.

Order entered on September 7, 1967 reversed, upon the law and the facts, with $50 costs and disbursements to the appellant, and the motion for a preliminary injunction denied, and the cross motion to dismiss the complaint granted, on the law and the facts and as a matter of discretion, with costs.